UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:05-CV-543-H

ALLEN KINNEY                                                                              PLAINTIFF

v.

DAVID TOWNSEND, et al.                                            DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Allen Kinney, *pro se*, seeks compensatory and punitive damages from three police officers, in their individual and official capacities, under 42 U.S.C. § 1983, for the alleged use of excessive force during arrest. This matter is before the Court for screening, pursuant to 28 U.S.C. § 1915A. The Court will dismiss the complaint as time-barred.

**I.**

When a prisoner commences a civil action against a government entity, officer, or employee, the district court must review the complaint, before service of process on the defendants, to identify "cognizable claims" and to dismiss any portion of the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). A complaint fails to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

**II.**

Plaintiff alleges that on October 3, 2003, arresting officers used excessive force in effecting his arrest, during the course of a warrant-search of a residence Plaintiff was visiting. Plaintiff sustained injuries to his wrists due to the position and excessive tightening of the handcuffs used to restrain him for two-and-a-half hours.  Plaintiff explains he had a three-year history of work-related, carpal tunnel syndrome in both wrists, had been surgically treated, and was wearing bracelets designed to limit the range of motion in his wrists.

Although he explained his condition to the officers and was screaming with pain, Plaintiff emphasizes that he at no time resisted arrest and states that he fully complied with the officers' commands.  Plaintiff's person and vehicle were searched.  He was released and received an unspecified citation.  Plaintiff immediately presented to the emergency room. Plaintiff suffered severe pain, swelling, abrasions and contusions about the wrists.

Plaintiff asserts not only a claim for personal injuries arising from the alleged use of excessive force but also for the alleged deprivation of his right against unreasonable searches. Plaintiff further alleges the arresting officers were acting in conformance with an unconstitutional policy or custom of the Fulton County Police Department.

Plaintiff names each Defendant in his individual and official capacities:  David Townsend, police officer; Jere Hughes, Captain; and Terry Pile, Chief.  Plaintiff seeks $500,000 in compensatory, and $1 million in punitive, damages.  Plaintiff files this action while incarcerated.

### III.

Section 1983 provides civil remedies to individuals who suffer injury because their federal rights were violated by a person acting "under color of [state] law."  42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).  The Fourth Amendment to the Federal Constitution protects individuals from unreasonable searches and seizures, including the use of excessive force.  *Graham v. Conner*, 490 U.S. 386 (1989).  Therefore, Plaintiff's claims against Defendants in their individual and official capacities are cognizable under § 1983.

The complaint falters, however, under the requirement that a § 1983 plaintiff file a complaint within the applicable statute of limitations.  In Kentucky, a one-year statute of limitations applies to § 1983 actions.  *See Owens v. Okure*, 488 U.S. 235, 251 (1989) (holding § 1983 borrows the forum state's statute of limitations for personal injury actions); *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990) (holding that a one-year statute of limitation, K.R.S. 413.140(1)(a), applies to § 1983 actions).

Plaintiff specifically alleges the events that give cause for this action occurred in October 2003, almost two years before filing this action in September 2005.  Because Plaintiff seeks relief against these officials more than one year after his cause of action accrued, these claims are time-barred and, therefore, fail to state a claim on which relief may be granted.

The Court will enter an order consistent with this Memorandum Opinion.

Dated:

cc:      Plaintiff, *pro se*
           Defendants
           Fulton County Attorney

4412.007